IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 3:09-00086 |
| | ) | Judge Trauger |
| | ) | |
| JASON QUALLS | ) | |

## MEMORANDUM and ORDER

The defendant has filed a Motion For Judgment of Acquittal Or, in The Alternative, For New Trial (Docket No. 68), to which the government has responded in opposition (Docket No. 71). The defendant moves for a judgment of acquittal, pursuant to Rule 29, FED.R.CRIM.P., on the basis that the evidence was insufficient to convict him. He moves for a new trial, pursuant to Rule 33, FED.R.CRIM.P., on the basis that the court erroneously admitted into evidence two prior drug transactions involving the defendant.

A motion for judgment of acquittal on the basis of insufficient evidence calls upon the court to examine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .This review is quite limited . . . . [The] court does not weigh evidence, make credibility determinations, or substitute its judgment for that of the jury." *United States v. Owusu*, 199 F.3d 329, 341-42 (6th Cir. 2000) (internal citations omitted).

The defendant is basically requesting that the court find Detective Jean McCormack of the Metropolitan Nashville Police Department not credible in her identification of the defendant as the individual involved in two controlled buys with a confidential informant that led up to the arrest of the defendant and in her testimony that a one-digit typographical error in the phone number called by the confidential informant, which turned out to be the defendant's phone number, was not a

1

typographical error. Detective McCormack testified that she knew the defendant from "prior contact" with him and that she told the officers involved in the controlled buys that the defendant was the subject selling the drugs. She further testified that the phone number called by the confidential informant to arrange for the drug purchases was the phone number of the defendant. The jury apparently believed this testimony, and it is not for the court to substitute its judgment for that of the jury.

The defendant's motion for new trial under Rule 33 of the Federal Rules of Criminal Procedure must be granted "if the interests of justice so require." Motions for new trial should be granted only in the "most extraordinary of circumstances." *United States v. Garner*, 529 F.2d 962, 969 (6th Cir. 1976). Here, the defendant complains that the two prior drug transactions should not have been admitted into evidence.

Prior to trial, the court gave its reasoning on the record for admitting these two prior transactions as *res gestae*. During trial, the court additionally admitted these two controlled buys under Rule 404(b), FED. R. EVID., to prove the defendant's intent. The jury was specially instructed during the testimony of Detective McCormack at trial concerning the limited purpose for which they could consider these two prior transactions. The court does not feel that these evidentiary rulings were in error and by no means do they form the basis for a granting of a new trial.

For the reasons expressed herein, the defendant's Motion (Docket No. 68) is **DENIED**.

It is so **ORDERED**.

ENTER this 2nd day of February 2010.

_____
ALETA A. TRAUGER
U.S. District Judge